IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM KIRKPATRICK JR,<br><br>    Petitioner,<br><br>    v<br><br>R WONG, WARDEN<br><br>    Respondent.<br>_____ / | No C-09-1564 VRW (PR)<br><br><br>ORDER DISMISSING PETITION FOR<br>WRIT OF HABEAS CORPUS<br><br>(Doc ## 2, 4 & 5) |

    William Kirkpatrick, Jr, a state prisoner at San Quentin State Prison ("SQSP"), recently filed several motions under a closed case number, C-08-1393 VRW (PR); these new claims pertain to the conditions of his confinement at SQSP. Specifically, petitioner complained about the handling of his meal trays by SQSP personnel. Petitioner denominated his initial pleading in C-08-1393 VRW (PR) as a habeas proceeding.

    On April 14, 2009, the court dismissed without prejudice petitioner's motions subject to him filing a civil rights complaint under 42 USC section 1983. To date, petitioner has not filed a civil rights complaint.

On April 9, 2009, petitioner filed a new petition for writ of habeas corpus, C-09-1564 VRW (PR), referencing the allegations contained in the motions he filed under closed case number C-08-1393 VRW (PR) pertaining to the conditions of his confinement at SQSP. Doc #1.  The court notified petitioner in writing at that time that the action was deficient because he did not pay the requisite filing fee or, instead, submit a signed and completed court-approved in forma pauperis application, including a completed certificate of funds in the prisoner's account and a copy of the prisoner's trust account statement for the last six months.  See 28 USC § 1915(a)(2). Petitioner was advised that failure to file the requested items within thirty days would result in dismissal of the action.  Doc #2.

Over forty days have elapsed since petitioner was notified of his filing deficiency; however, he has not provided the court with the requisite items, or sought an extension of time to do so. Petitioner has, however, continued to file pleadings that appear to allege violations of his civil rights based on the conditions of his confinement.  See Doc ## 4, 5, 6, 7 & 8.  Although the Supreme Court has not addressed whether a challenge to a condition of confinement may be brought under habeas, see Bell v Wolfish, 441 US 520, 526 n6 (1979), the Ninth Circuit has held that habeas jurisdiction is absent, and a section 1983 action is proper, where, as here, a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence.  See Ramirez v Galaza, 334 F3d 850, 859 (9th Cir 2003); see also Badea v Cox, 931 F2d 573, 574 (9th Cir 1991) (civil rights action is proper method of challenging

2

conditions of confinement); <u>Crawford v Bell</u>, 599 F2d 890, 891-92 & n1 (9th Cir 1979) (affirming dismissal of habeas petition on basis that challenges to terms and conditions of confinement must be brought in civil rights complaint).

Under these circumstances, the petition for writ of habeas corpus is DISMISSED. Petitioner is reminded that the proper vehicle for challenging the conditions of his confinement at SQSP is by way of a civil rights complaint under 42 USC section 1983. Petitioner is further advised that he must exhaust California's prison administrative remedies before filing a civil rights complaint under section 1983. See 42 USC § 1997e(a). His unexhausted claims cannot proceed otherwise. See id. Furthermore, petitioner must pay the full filing fee to initiate a civil rights proceeding ($ 350.00) or submit a fully completed application to proceed in forma pauperis.

The clerk shall close the file and terminate all pending motions as moot.

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge

G:\PRO-SE\VRW\HC.09\Kirkpatrick-09-1564-dismiss.wpd

3